UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSHUA HALEY,                                                                                                Plaintiff,

v.                                                   CIVIL ACTION NO. 3:17-cv-P446-DJH

KEITH ARNOLD *et al.*,                                                                      Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Joshua Haley leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed in part and allowed to continue in part.

### **I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at Kentucky State Reformatory (KSR). He brings this action against nine KSR officials in both their individual and official capacities – KSR Warden Aaron Smith, Teresa St. Clair, Steve Shulte, Ronyeld Shirley, Keith Arnold, Philip Campbell, Danny Perry, Scott Jones, and Ronnie Whittaker.

Plaintiff alleges that he is a "30 year old gender nonconforming male that has an extremely feminine appearance housed within the male prison of [KSR]." Plaintiff further alleges that he has been classified as "at risk for sexual assault" due to a prior sexual assault within the prison setting. Plaintiff states that his troubles began on May 23, 2016, when another inmate, who was a "sexual predator," tried to have Plaintiff transferred to his cell. Plaintiff alleges that between May 23, 2016 and May 27, 2016, he was threatened and assaulted by this inmate and that Defendants Perry, Whittaker, Campbell, Shirley, Mitchell, Shulte, and Arnold

knew that this inmate was a danger to Plaintiff but failed to protect Plaintiff from him. Plaintiff alleges that these Defendants' deliberate indifference to his safety culminated in a brutal attack on May 27, 2016, in which the other inmate assaulted Plaintiff with boiling water, beat him unconscious, and broke his jaw bone, while screaming, "If I can't have you, no one will." Plaintiff states that this inmate did not stop attacking Plaintiff until the inmate thought Plaintiff was dead. Plaintiff alleges that Defendants Arnold and Jones witnessed this attack and made no attempt to stop the assault. Plaintiff alleges that Defendants Arnold and Jones told medical personnel that they were afraid to intervene in the attack because Plaintiff was HIV positive. Plaintiff claims that Defendants Arnold and Jones did not protect him because they had not been properly trained to work with inmates who are HIV positive. Plaintiff further states that the injuries he suffered as a result of this attack have required him to have multiple reconstructive surgeries.

Plaintiff also alleges that Defendant Warden Smith violated his "8th, 14th, and 5th" Amendment rights by failing to contact the Kentucky State Police or "creating a E.O.R" after Plaintiff was attacked on May 27, 2016. Plaintiff further complains that Defendant Warden Smith permitted Defendants Perry and Whittaker to investigate the grievance he filed related to the attack even though they were involved in such. Finally, Plaintiff states that he was denied surveillance video that he needs to substantiate some of his claims and that this constitutes "concealment" of evidence by Defendant Warden Smith.

As relief, Plaintiff seeks compensatory and punitive damages and an order that he not be transferred to another institution in retaliation for filing this lawsuit.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff sues each Defendant in his/her official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from Defendants in their official capacities, he fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to

claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, although it is not clear from Plaintiff's complaint which claims he seeks to bring against the State, all such claims, including the claim based upon a failure to train, fail for these reasons. Therefore, the Court will dismiss Plaintiff's official-capacity claims for monetary damages for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

## B. Individual-Capacity Claims

### 1. Defendants Perry, Whittaker, Campbell, Shirley, Mitchell, Shulte, Arnold, and Jones

In his complaint, Plaintiff alleges that these Defendants failed to protect him and were deliberately indifferent to his safety. The Court will allow each of these claims to proceed.

### 2. Defendant Warden Smith

#### a. Failure-to-Train Claim

In his complaint, Plaintiff states that "the prison 'failed to train'" Defendants Arnold and Jones that the body fluid from an HIV positive inmate "would or could not harm them once exposed to the air." Plaintiff reiterates that these Defendants had the equipment necessary to protect them so that they could stop the assault upon him – including gloves, vests, and shields designed to protect themselves from bodily fluid. Because the prison itself is not an entity subject to suit, the Court construes this claim as one brought against Defendant Warden Smith. However, the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691-95, unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983,

5

unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.") (internal quotation marks omitted). Because Plaintiff does not allege that Defendant Warden Smith encouraged Defendants Arnold and Jones not to stop the assault upon Plaintiff or directly participated in such, the Court must dismiss this constitutional claim against Defendant Warden Smith.

However, based upon Plaintiff's allegations, the Court will allow a state-law negligent training claim to proceed against Defendant Warden Smith.

### b. Other Constitutional Claims

As noted above, Plaintiff also indicates that he seeks to bring claims against Defendant Warden Smith for the actions he took or failed to take after he learned about the May 27, 2016, attack on Plaintiff. Plaintiff specifically states that he believes Defendant Warden Smith violated his Fifth, Eighth, and Fourteenth Amendment rights by failing to contact the Kentucky State Police or "creating a E.O.R" after Plaintiff was attacked on May 27, 2016. Plaintiff also complains that Defendant Warden Smith permitted Defendants Perry and Whittaker to investigate the grievance he filed related to the attack even though they were involved in such. Plaintiff further states that he was denied surveillance video that he needed to substantiate some of his claims and that this constitutes the "concealment" of evidence by Defendant Warden Smith.

6

The Court, however, can discern no constitutional claim based upon these allegations. To the extent that these allegations are based upon Defendant Warden Smith's failure to properly follow various prison regulations, Plaintiff fails to allege the violation of a constitutional right. *See, e.g., Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 U.S. App. LEXIS 9509 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Moreover, § 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, to the extent that Plaintiff claims that he was denied due process in his grievance proceedings, he also fails to state a claim. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983) ; *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 U.S. App. LEXIS 1915 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Thus, neither Defendant Warden Smith's alleged failure to assign an independent fact finder to resolve Plaintiff's grievance nor his failure to provide Plaintiff with certain evidence in relation to his grievance violated Plaintiff's constitutional rights. *See, e.g.*, *Hunter v. Palmer*, No. 1:17-cv-109, 2017 U.S. Dist. LEXIS 53181, at *15-16 (W.D. Mich. Apr. 6, 2017).

For these reasons, the Court will dismiss Plaintiff's remaining constitutional claims against Defendant Warden Smith for failure to state a claim upon which relief may be granted.

### C. Injunctive Relief

Finally, the Court observes that Plaintiff seeks injunctive relief in the form of an order that he not be transferred to another institution in retaliation for filing this action. However, Plaintiff's complaint contains no allegations suggesting that he has suffered retaliation or that prospective relief is needed to prevent a violation of Plaintiff's constitutional rights in the future. Since Plaintiff is proceeding with claims that are based on the Defendants' alleged past failure to protect him from harm at the hands of his former cell mate, any injunctive relief barring retaliation goes beyond the claims and allegations of the complaint and would be overly broad. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) ("To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.") (emphasis added); *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) ("[A]n injunction must be narrowly tailored . . . to remedy only the specific harms shown by the plaintiffs, rather than to enjoin all possible breaches of the law.") (internal quotation marks omitted).

For these reasons, the Court will dismiss Plaintiff's claim for injunctive relief for failure to state a claim upon which relief may be granted. *See, e.g.*, *Fountain v. Lebron*, CIV S-10-2633 KJM DAD P, 2011 U.S. District LEXIS 147404, at *11-12 (E.D. Cal. Dec. 22, 2011); *see also Jones v. Smith*, No. 1:10-CV-568, 2014 U.S. Dist. LEXIS 51538, at *17 (W.D. Mich. Apr. 15, 2015) (dismissing request for injunctive relief ordering defendants "to refrain from any and all

future actions that constitute retaliation" as inappropriate and of no consequence because such an order is simply directing defendants to comply with the law).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity § 1983 claims against Defendant Warden Smith and his claim for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the following claims will be allowed to proceed: Plaintiff's Eighth Amendment failure-to-protect claims against Defendants Perry, Whittaker, Campbell, Shirley, Mitchell, Shulte, Arnold, and Jones, in their individual capacities, and Plaintiff's state-law negligent training claim against Defendant Warden Smith in his individual capacity.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of these continuing claims.

Date: October 1, 2017

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.011

9