UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSHUA HALEY, Plaintiff,

v. Civil Action No. 3:17-cv-P446-DJH

KEITH ARNOLD *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment by Defendants for failure to exhaust available administrative remedies (DN 13). Fully briefed, this matter is ripe for consideration. For the following reasons, the Court will deny this motion.

## I. PROCEDURAL HISTORY

*Pro se* Plaintiff Joshua Haley initiated this prisoner civil rights action on July 14, 2017.[1] In his complaint, Plaintiff alleges that he is a "30 year old gender nonconforming male that has an extremely feminine appearance housed within the male prison of Kentucky State Reformatory [KSR] . . ." Plaintiff further alleges that he has been classified as "at risk for sexual assault" due to a prior sexual assault within the prison setting. Plaintiff states that on May 23, 2016, an inmate named James Mallory, who was a "sexual predator," tried to have Plaintiff transferred to his cell. Plaintiff then alleges that between May 23, 2016, and May 27, 2016, he was threatened and assaulted by this inmate and that Defendants Perry, Whittaker, Campbell, Shirley, Mitchell, Shulte, and Arnold knew that this inmate posed a danger to Plaintiff but failed to protect him. Plaintiff alleges that these Defendants' deliberate indifference to his safety culminated in a brutal attack on May 27, 2016, when inmate Mallory assaulted Plaintiff with

---

[1] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on July 14, 2017.

boiling water, beat him unconscious, and broke his jaw bone, while screaming, "If I can't have you, no one will." Plaintiff states that this inmate did not stop attacking Plaintiff until the inmate thought Plaintiff was dead. Plaintiff alleges that Defendants Arnold and Jones witnessed this attack and made no attempt to stop the assault. Plaintiff also alleges that "the prison failed to train" Defendants Arnold and Jones that the body fluid from an HIV positive inmate "would or could not harm them once exposed to the air."

On October 2, 2017, the Court conducted an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A (DN 7). Based upon the allegations contained in the complaint, the Court dismissed Plaintiff's official-capacity claims and his claims that certain Defendants violated his constitutional rights by failing to follow various prison regulations regarding the investigation of grievances. The Court, however, allowed Plaintiff's Eighth Amendment failure-to-protect claims to proceed against Defendants Perry, Whittaker, Campbell, Shirley, Mitchell, Shulte, Arnold, and Jones, in their individual capacities, and a state-law negligent training claim to proceed against Defendant Warden Smith in his individual capacity.

On November 6, 2017, Defendants filed a motion to dismiss this action based upon Plaintiff's failure to exhaust available administrative remedies. On November 20, 2017, the Court entered a Memorandum Opinion and Order stating that it was construing Defendants' motion as one for summary judgment and providing Plaintiff 30 days to file a response to Defendants' motion (DN 14). Following the entry of that Memorandum Opinion and Order, Plaintiff filed a response to the motion now before the Court (DN 15). Defendants then filed a reply (DN 28), and Plaintiff filed a sur-reply (DN 31).

## II. LEGAL STANDARD

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence of the non-moving party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Nevertheless, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Id.* at 586. Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. It is against this standard that the Court reviews the facts presented.

## III. UNDISPUTED FACTS

Defendants attach the Kentucky Department of Corrections (KDOC) Inmate Grievance Procedure, CPP 14.6, to their motion. The portion of the procedure referenced by Defendants in their brief is the section setting forth the four steps of KDOC's inmate grievance process: Step 1 – Filing the Grievance and Informal Resolution, Step 2 – Grievance Committee Hearing, Step 3 – Appeal to the Warden, Step 4 – Appeal to the Commissioner.

The record indicates that Plaintiff filed three grievances related to his alleged attack by inmate Mallory on May 27, 2016, and various prison officials' failure to protect him from inmate Mallory both before and/or during the attack. Plaintiff filed his first grievance on June 3, 2016. On this grievance form, Plaintiff indicated that he was not satisfied with the informal resolution of the grievance and that he would like to request a hearing before the Grievance Committee. The second page of the grievance form shows that Plaintiff was scheduled to appear before the Grievance Committee on August 18, 2016; however, the form states "failure to appear." Defendants attach the affidavit of Everett Thomas, the current Grievance Coordinator at KSR, to their motion.[2] In his affidavit, Thomas avers that Plaintiff did not appeal this grievance any further.

Plaintiff filed his second grievance related to the attack on April 12, 2017. On May 2, 2017, Plaintiff received a "Grievance Rejection Notification" regarding this grievance from the KDOC Grievance Coordinator which indicated his grievance had been deemed non-grievable.

---

[2] Although Plaintiff seemingly wrote on this grievance form that his failure to appear "was due to Transported to Hospital due to incident," in Thomas' affidavit, he avers that KSR's records show that Plaintiff was at KSR on August 16, 2016 (DN 1-3, ¶ 8). Plaintiff does not seem to dispute this averment in either his response or sur-reply. However, even if the Court were to find that this was a disputed fact, it concludes that it is not material to resolving the motion before the Court because Plaintiff does not argue that he exhausted this grievance.

Plaintiff filed his third grievance related to the attack on July 10, 2017. Plaintiff received a "Decision and Review" from the KDOC Commissioner regarding this grievance on September 14, 2017.

## IV. ANALYSIS

At the outset of its analysis, the Court first observes that Defendants have made only certain arguments regarding how Plaintiff failed to exhaust his administrative remedies. The Court only addresses herein the arguments that Defendants have raised. The Court also notes that Defendants have cited no case law in their brief in support of their motion for summary judgment or in their reply.

In their brief in support of their motion for summary judgment, Defendants argue that Plaintiff failed to exhaust his available administrative remedies because he did not appear before the grievance committee after indicating that he was not satisfied with the informal resolution of his first grievance.

In his response, Plaintiff claims that he has exhausted his available administrative remedies. As evidence, he first points to the second and third grievances he filed.

In their reply, Defendants argue that Plaintiff cannot circumvent his failure to exhaust his first grievance by filing subsequent grievances. Defendants also note that Plaintiff's second grievance was untimely. And with regard to Plaintiff's third grievance, Defendants argue that because the substance of this grievance is about the "alleged failure of staff to follow procedures related to the investigation of claims . . . it only relates to actions the Court has already ruled do not constitute violations of Plaintiff's Eighth Amendment rights," and not the failure-to-protect claims which the Court has allowed to proceed.

In his sur-reply, Plaintiff argues that the substance of his third grievance pertains directly to the failure-to-protect claims which are the basis of this action.

The Prison Litigation Reform Act (PLRA) provides that '[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory but not jurisdictional and applies to all federal claims seeking redress for prison circumstances or occurrences regardless of the type of relief being sought. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The PLRA has been interpreted to require "proper exhaustion," meaning that a prisoner must "'complete the administrative review process in accordance with the applicable procedural rules,'. . . [as] defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence. *Id*. at 216.

Requiring exhaustion serves two purposes. First, it gives an agency "'an opportunity to correct its own mistakes with respect to the program it administers before it is haled into federal court,'" and it discourages "'disregard of [the agency's] procedures.'" *Woodford v. Ngo*, 548 at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, exhaustion promotes efficiency. *Id*. This is because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id*. Proper exhaustion of administrative remedies requires "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91 (footnote

omitted). Here, the administrative remedy is the prison's grievance procedure. The purpose of a grievance in the prison context is "to alert prison officials to a problem." *Jones v. Bock*, 549 U.S. at 219 (citing *Johnson v. Johnson*, 385 F.3d 503 (6th Cir. 2004)).

In *Reed-Bey v. Pramstaller*, the Sixth Circuit specifically considered whether a prisoner who had failed to comply with prison's grievance procedure but had nonetheless had his grievance considered on its merits by prison officials had exhausted his claim. 603 F.3d 322 (6th Cir. 2010). The court reasoned that if the prison considers a grievance on the merits, this allows a federal court to consider the grievance's merits – "even when a procedural default might otherwise have resolved the claim." *Id*. at 325. The court concluded that Reed-Bey "properly exhausted his claim because he invoked one complete round of the Department's grievance procedures and received merits-based responses at each step." *Id*. at 326.

In so holding, the *Reed-Bey* court reasoned as follows:

> When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we. *See Vandiver v. Correctional Med. Servs., Inc.*, 326 F. App'x 885, 891 (6th Cir. 2009). In that setting, the State, as the promulgator of the rules, has had a chance to provide a remedy for the inmate and to decide whether the objectives of the review process have been served. When the State nonetheless decides to reject the claim on the merits, who are we to second guess its decision to overlook or forgive its own procedural bar? The rules serve the State's interests: its interest in creating a prison grievance system, its interest in reviewing a complaint before another sovereign gets involved and its interest in deciding when to waive or enforce its own rules. And the State's decision to review a claim on the merits gives us a warrant to do so as well, even when a procedural default might otherwise have resolved the claim.

The court then noted that at least three other circuits had come to the same conclusion. *See Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (overlooking the untimeliness of a grievance, over the objection of the defendants, where prison officials reviewed grievance on the merits); *Ross v. Cty. of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004) (same), *abrogated on*

*other grounds by Jones v. Bock*, 549 U.S. 199; *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000) (overlooking failure to file grievance with the proper officials, over the objection of the defendants, where officials ultimately reviewed grievance on the merits).

Plaintiff does not dispute that he failed to exhaust his first grievance. And the Court finds that it need not determine whether Plaintiff exhausted his second grievance, because the record suggests that Plaintiff may have exhausted his third grievance. Although Plaintiff only attaches his third grievance and the KDOC Commissioner's "Review and Decision" regarding this grievance, this evidence shows that Plaintiff received a merit-based response to his third grievance at the highest level of KDOC's grievance process. Although this evidence does not clearly show that Plaintiff received a merits-based response at each lower level of KDOC's grievance process, as noted above, the burden does not rest with Plaintiff to demonstrate that he has exhausted his claims. Instead the burden rests with Defendants to demonstrate that Plaintiff has not exhausted his claims. *See, e.g.*, *Brown v. Prelesnik*, No. 1:12-CV-873, 2013 U.S. Dist. LEXIS 185171, at *11-12 (W.D. Mich. Oct. 15, 2013).

The Court also finds unavailing Defendants' argument that Plaintiff's third grievance does not pertain to the failure-to-protect claims the Court allowed to proceed. The substance of Plaintiff's third grievance is that he notified prison officials that he was in danger of being attacked by another inmate and that these individuals failed to take appropriate action to protect him. The Court finds that this grievance alerted prison officials to the potential of a failure-to-protect claim against them. *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (quoting *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006).

In sum, based upon the arguments made by Defendants and the evidence presented to the Court, the Court finds that Defendants have failed to meet their burden and that there remains a

genuine issue of fact for trial regarding whether Plaintiff exhausted his available administrative remedies.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (DN 13) is **DENIED**.

Date: March 24, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Counsel of Record
4415.011